LEWIS, J.,
specially concurring.
I write to address the related positions asserted in the dissenting opinions. One offers that, “[t]he statute requires only that there be ‘a clear and unambiguous financial impact statement, no more than 75 words in length.’ ” The other posits that the majority has too narrowly interpreted the statutory provision governing financial impact statements, and that such statements may include potential impacts and ranges of items beyond dollar estimates, and apparently whether possible, speculative, or otherwise, and without reference to that which is “probable” as set forth in our constitution. My concern is that these constructions will render financial impact statements a vehicle for any manner of content and language, including politicized statements designed as an attempt to sway the voters of this state, as long as those statements are clear and unambiguous. I submit that this process cannot be divorced from its constitutional base of authority and if the statute does so, as the dissents posit, the entire legislative scheme is of very questionable constitutional validity.
In Smith v. Coalition to Reduce Class Size, 827 So.2d 959 (Fla.2002), this Court determined that the statutory requirement *688 for the placement of a fiscal impact statement on an initiative to amend the constitution was contrary to the constitutionally based initiative process, did not ensure ballot integrity, and therefore, was unconstitutional. See id. at 963. Subsequent to this decision, Florida voters adopted a constitutional amendment creating a constitutional basis for the legislature to provide a “statement to the public regarding the probable financial impact of any amendment proposed by initiative.... ” Art. XI, § 5(b), Fla. Const, (emphasis added). The Florida Legislature implemented that constitutional charge by amending sections 101.161(1) (addressing ballot titles and summaries) and 100.371(6) (addressing substantive requirements for financial impact statements) of the Florida Statutes. Section 100.371(6)(b)(3) sets forth several criteria governing financial impact statements, providing as follows:
Principals of the Financial Impact Estimating Conference shall reach a consensus or majority concurrence on a clear and unambiguous financial impact statement, no more than 75 words in length, and immediately submit the statement to the Attorney General. Nothing in this subsection prohibits the Financial Impact Estimating Conference from setting forth a range of potential impacts in the financial impact statement.
Ch.2004-33, § 3, Laws of Fla.
The statutory sections implementing Article XI, section 5 of the Florida Constitution have their origins, and only source of existence, in the language of that underlying constitutional provision, and the subject statutes cannot be interpreted in a manner that would override the constitutional authority. The Constitution limits financial impact statements to providing the “probable financial impact” of any amendment. See Art. XI, § 5(b), Fla. Const. Regardless of how clear or unambiguous, a statement which exceeds or is contrary to that constitutional parameter due to editorializing or politicizing comments should not appear within a financial impact statement of a citizen’s ballot initiative.
Moreover, I disagree with the interpretation that the statutory language permitting a “range of potential impacts” that may be included in financial impact statements overrides and erases the constitutional foundation to broadly encompass potential impacts beyond financial estimates. As provided in the constitutional amendment approved by the voters of this state, the language and content appearing in a financial impact statement must be the “financial” (ie., monetary, economic-type) impacts of any proposed amendment that are “probable.” While a “range” of “probable financial” impacts may be consistent with the constitutional basis, a mere “range of potential impacts” standing alone fails to honor the limited constitutional grant. I conclude that there is no constitutional basis to support the statutory scheme without reference to the underlying constitutional provision.